38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James A. HENDRIX, Plaintiff-Appellee,
v.
Leo BRANTON, Jr.; Geraldine Branton, individually and the
marital community thereof; et al., Defendants,
and
Interlit B.V.I. Limited, a British Virgin Island
Corporation, Defendant-Appellant.
James A. HENDRIX, Plaintiff-Appellee,
v.
Leo BRANTON, Jr.; a Law Corporation, A California Law
Corporation, Defendants-Appellants,
and
Geraldine Branton, individually and the marital community
thereof; Interlit B.V.I. Limited, a British
Virgin Islands Corporation, Defendants.
 Nos. 94-35172, 94-35264.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Oct. 18, 1994.
 
 Before: LAY,* TROTT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 These are two consolidated interlocutory appeals.[1] In No. 94-35172, Interlit B.V.I. Limited, a British Virgin Island corporation ("Interlit") appeals the district court's denial of its motion to compel arbitration. In No. 94-35264, Leo Branton, Jr. ("Branton") appeals the district court's grant of a preliminary injunction freezing his assets. Branton also seeks to modify the bond required of James A. Hendrix ("Hendrix") as a condition of the preliminary injunction. We affirm the district court on the issue of arbitration, but we reverse the grant of the preliminary injunction.
 
 
 3
 * The denial of a motion to compel arbitration is reviewed de novo. Britton v. Co-op Banking Group, 916 F.2d 1405, 1409 (9th Cir.1990). Interlit argues that the district court should have compelled arbitration of disputes concerning the 1974 Agreements even if the validity of the 1983 Agreement was in question. It argues that all doubts must be resolved in favor of arbitration because of the strong federal policy requiring enforcement of arbitration clauses. Hendrix argues that the existence of an agreement to arbitrate is a matter properly for the district court, not arbitrators, to decide. Hendrix is correct.
 
 
 4
 Ordinarily, an arbitration provision contained in a contract admittedly signed by the parties to a dispute is sufficient for a district court to send the matter to arbitration, even when the dispute concerns fraud in the inducement to the contract as a whole. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967); accord Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 475 (9th Cir.1991), cert. denied, 112 S.Ct. 1294 (1992). But where the dispute concerns whether the signatory to a contract had authority to bind a party, this Court has held that the Prima Paint doctrine does not apply. See Nicaragua, 937 F.2d at 480-81, Three Valleys Municipal Water District v. E.F. Hutton & Co., 925 F.2d 1136, 1140-41 (9th Cir.1991).
 
 
 5
 It is undisputed that Hendrix did not sign the 1983 Agreement in which the provisions of the 1974 Agreements are purportedly reaffirmed. It is also undisputed that Interlit has failed to produce evidence of a power of attorney from Hendrix to Branton, who signed the 1983 Agreement as Hendrix's attorney in fact. We conclude that disputes under the 1974 Agreements cannot be considered without reference to the 1983 Agreements. On the face of the 1983 Agreement, the 1974 Agreements are purportedly "reaffirmed." However, the 1983 Agreement speaks of an interim agreement "never ... reduced to writing" and "additional rights granted herein." Moreover, paragraph 11 of the 1983 Agreement says that it "settles all disputes, understandings, and differences and there shall be raised no other disputes concerning the interest of the parties under the 'P.M.S.A.' [1974] agreements." Thus, if the 1983 Agreement is indeed valid, as claimed by Interlit, the rights and obligations of the parties under the 1974 Agreements may well be substantially altered. Until the disputed issue of the validity of the 1983 Agreement is resolved, the arbitrability of both the 1974 Agreements and the 1983 Agreement remains in doubt.
 
 
 6
 Once the district court determines that the making of the agreement to arbitrate is in issue, it is to proceed "summarily" to trial of that issue. 9 U.S.C. Sec. 4. Normally, this summary trial should occur prior to the resolution of the motion to compel arbitration. See Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 856 (11th Cir.1992). While the district court correctly decided that it should decide for itself whether Hendrix had agreed to arbitration, the next logical step in this process remains to be taken. Accordingly, we affirm the district court's decision that it, not an arbitral panel, should decide whether the Agreements in question are arbitrable, and the district court shall now proceed summarily to trial (pursuant to 9 U.S.C. Sec. 4) of the relevant issues.
 
 II
 
 7
 The decision to grant or deny a preliminary injunction is within the sound discretion of the district court, and will be reversed only if the district court relied on an erroneous legal standard or abused its discretion in applying that standard. Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 673 (9th Cir.1988). The preliminary injunction should be affirmed if the district court correctly found the moving party demonstrated "either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 314-15 (9th Cir.1978) (internal quotations omitted), cert. dismissed, 441 U.S. 937 (1979). This test represents "two ends of a 'sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.' " Briggs v. Sullivan, 886 F.2d 1132, 1143 (9th Cir.1989) (quoting United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174 (9th Cir.1987)). Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury. Big Country Foods, Inc., v. Bd. of Education, 868 F.2d 1085, 1088 (9th Cir.1989). Hence, while the degree of irreparable harm may be inversely proportional to the extent of the probability of success, the district court must always find some irreparable harm to the movant.
 
 
 8
 The district court made no finding of irreparable harm. Thus the district court abused its discretion in failing to apply the proper test under Caribbean Marine Services and Benda.
 
 
 9
 Accordingly, we reverse the district court's grant of the preliminary injunction against Branton and his marital community, and it is hereby dissolved. Branton's appeal of the sufficiency of the bond is therefore moot.
 
 
 10
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 11
 The parties shall bear their own costs of this appeal.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All remaining motions are dismissed as moot